# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

MARY G. VALENZUELA,
            Appellant,

      v.

DEPARTMENT OF THE NAVY,
           Agency.

DOCKET NUMBER
SF-0752-22-0039-I-1

DATE: February 3, 2023

# THIS ORDER IS NONPRECEDENTIAL[1]

Bosko Petricevic, Esquire, Honolulu, Hawaii, for the appellant.

Thomas J. Tangi, Jacksonville, Florida, for the agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

## REMAND ORDER

The appellant has filed a petition for review of the initial decision, which dismissed her involuntary resignation appeal for lack of jurisdiction. For the reasons discussed below, we GRANT the appellant's petition, VACATE the

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

initial decision, and REMAND the appeal to the Western Regional Office for further adjudication in accordance with this Remand Order.

## BACKGROUND

¶2      The appellant was employed as a GS-15 Physician at a Naval Health Clinic in Hawaii. Initial Appeal File (IAF), Tab 7 at 61. She had various serious health issues causing her to request Family and Medical Leave Act protected leave in October 2018, which was approved by the agency. IAF, Tab 7 at 14, 31, Tab 10 at 44, 46-47. In April 2019, the appellant requested a reduced work schedule of three 8-hour days per week and the ability to take paid or unpaid leave as a reasonable accommodation. IAF, Tab 10 at 49-50. After the appellant provided the agency with requested documentation, the agency granted the appellant interim approval of her request in August 2019. *Id*. at 52-55, 57-59, 61. The appellant noted that during this time she was also allowed 3.5 hours of administrative time each week and was not required to have 100 bookable appointments per week. IAF, Tab 7 at 14-15, 31.

¶3      In March 2020, after the COVID-19 pandemic started, the appellant was placed on telework due to her high risk status resulting from her health conditions. IAF, Tab 7 at 15, 32. She had surgery in June 2020 and she was on medical leave until October 2020. *Id*. at 15, 32. In June 2020, a new individual assumed command of the Naval Health Unit and, in August 2020, he received a complaint from a local business owner alleging that the appellant committed a Hatch Act Violation. *Id*. at 15, 32, 63-69. He initiated an investigation into the purported Hatch Act violation. *Id*. at 15-16, 32-33.

¶4      Prior to her return to work, the appellant provided the new commander with a medical note recommending that she stay on a 3-day work schedule with 2 days of leave. IAF, Tab 10 at 55. In September 2020, the agency provided her with the "final approval" of her request for accommodation, which was a modified work schedule of four 10-hour days and the ability to schedule patients for

30 minutes per appointment, which was more than the standard allowance of 20 minutes. *Id*. The appellant also noted that the agency discontinued the 3.5 hours of administrative time that her colleagues received and required her to have 100 bookable appointments each week, the same number as her colleagues. IAF, Tab 7 at 20, 35. The appellant returned to work in November 2020 on a four 10-hour day schedule. *Id*. at 18, 35. The agency issued the appellant a Letter of Caution in January 2021 for a Hatch Act violation of engaging in partisan political activity while on duty.[2] IAF, Tab 10 at 84-85.

¶5      On April 11, 2021, the appellant requested a revision of her prior accommodation, asserting that it was insufficient, especially given the loss of the 3.5 hours of administrative time per week, and she attributed the development of left arm neuropathy to her increased work hours. IAF, Tab 7 at 117-22, Tab 10 at 87-90. She requested three 8-hour days each week, including 3.5 hours of administrative time per week, scheduling in-person appointments in 30-minute blocks with 20 minutes for virtual appointments, a headphone assistive device, ability to take leave as directed by her treating specialists, an ergonomic assessment, and having no procedures scheduled until her left arm neuropathy was resolved. IAF, Tab 7 at 117. The agency confirmed receipt of the reasonable accommodation request on April 19, 2021. *Id*. at 121-22. That same day, the appellant emailed a letter of resignation to an agency human resources employee, stating that she was resigning due to health reasons.[3] IAF, Tab 10 at 92, 94. Following her resignation, on May 27, 2021, the agency rescinded the Letter of

---

[2] The Letter of Caution stated that the appellant posted a photo while on duty that was considered political because it discussed the concept of "white privilege" and "white guilt" and how it is associated with "liberal indoctrination." IAF, Tab 10 at 84.

[3] In the April 19, 2021 email, the appellant noted that she intended for May 7 to be her last day. IAF, Tab 10 at 92. However, she subsequently requested to delay the effective date of her resignation to exhaust her leave and complete her work and other administrative tasks. *Id*. at 98. The appellant's Standard Form 50 lists May 14 as the effective date of her resignation. *Id*. at 103.

Caution, observing that only the Office of Special Counsel has jurisdiction to investigate Hatch Act violations. *Id.* at 105-06.

¶6        The appellant timely filed the instant appeal,[4] alleging that her resignation was involuntary based on intolerable working conditions. IAF, Tab 1 at 6. The administrative judge issued an order informing the appellant that the Board may not have jurisdiction over her appeal, apprising her of how to establish jurisdiction over an involuntary resignation appeal, and ordering her to file evidence and argument on the jurisdictional issue. IAF, Tab 3 at 2-4. In response, the appellant alleged that she was coerced into resigning when her new supervisor and a subordinate manager investigated her for a fabricated Hatch Act violation, issued her a Letter of Caution about engaging in partisan political activity while on duty, denied her requests for reasonable accommodation without engaging in the interactive process, and changed her schedule from part-time to full-time with no administrative time. IAF, Tab 7 at 12-23, 33-35, 38-39.

¶7        Without holding the appellant's requested hearing, the administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction. IAF, Tab 11, Initial Decision (ID) at 1, 23. The administrative judge found that the appellant failed to nonfrivolously allege that her resignation was coerced based on intolerable working conditions and the agency's denials of her reasonable accommodation requests. ID at 22. He further found that the appellant failed to nonfrivolously allege that she is a qualified person with a disability who could have performed the essential functions of her position with the requested accommodations. ID at 21-22.

---

[4] On March 14, 2021, the appellant filed an equal employment opportunity (EEO) complaint alleging, among other things, that the agency discriminated against her based on her race, religion, and disability. IAF, Tab 6 at 5. She subsequently amended her EEO complaint to include a constructive discharge claim and a failure to accommodate claim. IAF, Tab 6 at 5-6, Tab 10 at 103. Thereafter, the agency issued a final agency decision, finding that the appellant failed to prove her discrimination claim. IAF, Tab 6 at 5-18. As the administrative judge explained, there is no timeliness issue in this Board appeal. ID at 7 n.2.

¶8     The appellant has filed a petition for review of the initial decision.[5] Petition for Review (PFR) File, Tab 1. In her petition, the appellant reiterates that she was coerced into resigning because of the denial of her reasonable accommodation request and because of an improper Hatch Act investigation and the resulting Letter of Caution. PFR File, Tab 1 at 12-19. She opines that the administrative judge applied the incorrect evidentiary standard at the jurisdictional stage and improperly separated her allegations of intolerable working conditions into separate strands, which weakened the overall effect of her allegations. *Id.* at 7-12. The agency has filed a response, PFR File, Tab 3, to which the appellant has replied, PFR File, Tab 4.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶9     An employee-initiated action, such as a resignation, is presumed to be voluntary and, thus, outside the Board's jurisdiction. *Vitale v. Department of Veterans Affairs*, 107 M.S.P.R. 501, ¶ 17 (2007). An involuntary resignation, however, is tantamount to a removal and, therefore, is within the Board's jurisdiction. *Garcia v. Department of Homeland Security*, 437 F.3d 1322, 1328 (Fed. Cir. 2006) (en banc). To overcome the presumption that a resignation is voluntary, the employee must show that it was the result of the agency's misinformation, deception, or coercion. *Vitale*, 107 M.S.P.R. 501, ¶ 19. The touchstone of a voluntariness analysis is whether, considering the totality of the circumstances, factors operated on the employee's decision-making process that deprived her of freedom of choice. *Id.*

¶10    The appellant has the burden of proving the Board's jurisdiction by a preponderance of the evidence. 5 C.F.R. § 1201.56(b)(2)(i)(A). However, once

[5] The appellant filed her petition for review in Hawaii, which is 5 hours behind Eastern time. All pleadings filed via e-Appeal Online are time stamped with Eastern Time. 5 C.F.R. § 1201.14(m)(1). Although the appellant's Board appeal was time stamped as being filed on January 8, 2022, at 12:42 a.m., Eastern Time, it was actually filed on January 7, 2022, at 7:42 p.m., Hawaii Time. PFR File, Tab 1 at 3. Thus, the appellant's petition for review, which was due on January 7, 2022, was timely filed.

the appellant presents nonfrivolous allegations of Board jurisdiction, she is entitled to a hearing. *Carey v. Department of Health and Human Services*, 112 M.S.P.R. 106, ¶ 6 (2009). In determining whether the appellant's submissions set forth a nonfrivolous allegation of jurisdiction entitling her to a hearing, the Board may consider the agency's documentary submissions; however, to the extent that the agency's evidence constitutes mere factual contradiction of the appellant's otherwise adequate prima facie showing of jurisdiction, the Board may not weigh evidence and resolve conflicting assertions of the parties and the agency's evidence may not be dispositive. *Ferdon v. U.S. Postal Service*, 60 M.S.P.R. 325, 329 (1994).[6]

¶11 As noted, prior to the appellant's return to work in November 2020, she provided the agency with an updated medical note requesting that she continue to work three 8-hour days. IAF, Tab 10 at 63. The agency did not grant this accommodation and instead assigned the appellant a work schedule of four 10-hour days per week. In April 2021, the appellant again requested a reasonable accommodation, asserting, among other things, that her current schedule caused her "significant physical and mental stress, affecting [her] overall health," and that she had developed left arm neuropathy because of her working conditions. IAF, Tab 7 at 117-22, Tab 10 at 87-90. She sought a restoration of her previous reasonable accommodation that had been in place prior to her return to work in November 2020. IAF, Tab 7 at 117. She also sought the 3.5 hours of administrative time provided to her colleagues. *Id*. The appellant resigned soon thereafter, citing health reasons. IAF, Tab 10 at 92, 94.

---

[6] In her petition for review, the appellant argues that the administrative judge erred by not applying the U.S. Court of Appeals for the Federal Circuit's decision in *Hessami v. Merit Systems Protection Board*, 979 F.3d 1362 (Fed. Cir. 2020), regarding the weight to give evidence at the jurisdictional stage of a Board proceeding. PFR File, Tab 1 at 7-9. We discern little difference between the court's holding in *Hessami* and the Board's holding in *Ferdon* in this regard. Having found that the appellant made a nonfrivolous allegation of Board jurisdiction, we need not discuss this issue further.

¶12        The denial of a reasonable accommodation that would have permitted an employee to continue working despite her medical conditions, and that leads to the employee's resignation, is a wrongful action that can be the basis of an alleged involuntary resignation claim.  *Hosozawa v. Department of Veterans Affairs*, 113 M.S.P.R. 110, ¶¶ 2, 6-7 (2010) (finding that an appellant nonfrivolously alleged that her retirement was involuntary when she alleged that the agency denied her request for a reasonable accommodation that would have permitted her to continue to work full-time despite her medical conditions).  Here, the appellant asserts that her resignation was involuntary because the agency denied her September 2020 request for accommodation that, according to her doctors, would have permitted her to continue to work despite her various health issues, and without which her health further worsened, causing her to develop left arm neuropathy in April 2021.

¶13        We recognize the passage of time between the denial of the reasonable accommodation request and the appellant's resignation, but, at this stage of the proceedings, do not find it significant.  First, according to the appellant, her health condition deteriorated because of the agency's September 2020 reasonable accommodation decision, and the fact that she worked under the accommodation imposed by the agency for several months does not mean that the agency's failure was not the cause of the appellant's resignation.  Second, the Federal Circuit has held that at the jurisdictional stage of a Board proceeding, the Board should not discount the probative value of an allegation that supports a claim of involuntariness because of the passage of time.  *Trinkl v. Merit Systems Protection Board*, 727 F. App'x 1007, 1010-11 (Fed. Cir. 2018).

¶14        In addition to the denial of her reasonable accommodation request, the appellant also points to the Hatch Act investigation and the resulting Letter of Caution as facts that made her working conditions intolerable and caused her to resign.  The Board has held that being subjected to unnecessary investigations and being unjustifiably threatened with discipline does not suffice to establish an

allegation of involuntary resignation. *Baldwin v. Department of Veterans Affairs*, 109 M.S.P.R. 392, ¶¶ 19-20 (2008). Nevertheless, in assessing whether a resignation was involuntary, the Board must look at the totality of the circumstances, and thus these individual incidents, when considered with the other record evidence, may support a finding of involuntariness. *Brown v. U.S. Postal Service*, 115 M.S.P.R. 609, ¶ 10 (stating that the issue in an involuntary resignation appeal is whether, considering the totality of the circumstances, the employee's working conditions were made so difficult that a reasonable person in the employee's position would have felt compelled to resign), *aff'd*, 469 F. App'x 852 (Fed. Cir. 2011). Similarly, the appellant's allegations of discrimination and reprisal must also be considered as part of the total circumstances that may support a finding of involuntariness even if the appellant's evidence does not support a finding of discrimination.[7] *Markon v. Department of State*, 71 M.S.P.R. 574, 578 (1996) (stating that at the jurisdictional stage of an involuntary retirement appeal, the Board will consider allegations of discrimination to the extent that they bear on the issue of voluntariness).

¶15      In sum, given the low evidentiary threshold required to constitute a nonfrivolous allegation that her resignation was involuntary, we find that the appellant has met that burden. Accordingly, we remand this matter to the Western Regional Office for further proceedings, including the hearing requested

---

[7] The administrative judge found that the appellant failed to nonfrivolously allege that she was a qualified individual with a disability and thus a failure to reasonably accommodate cannot support a finding of an involuntary resignation. ID at 21-22. The medical condition that the administrative judge found rendered the appellant unable to perform the essential functions of her condition, left arm neuropathy, was, according to the appellant, temporary and caused by the agency's failure to accommodate her in the autumn of 2020. Thus, we do not agree with the administrative judge's finding that the appellant failed to make a nonfrivolous allegation in this regard.

by the appellant. To prevail on her claim, the appellant must now prove that her resignation was involuntary by preponderant evidence.[8]

**ORDER**

¶16     For the reasons discussed above, we vacate the initial decision and remand this case to the Western Regional Office for further adjudication in accordance with this Remand Order.

FOR THE BOARD:                                  /s/ for
_____

                                        Jennifer Everling
                                        Acting Clerk of the Board

Washington, D.C.

---

[8] In her petition for review, the appellant requests that if the appeal is remanded, it be assigned to a different administrative judge. PFR File, Tab 1 at 20. Other than the administrative judge's adverse ruling, the appellant cites nothing causing us to question the administrative judge's ability to fairly adjudicate this appeal on remand. *See Argabright v. Department of Defense*, 113 M.S.P.R. 152, ¶ 10 (2010) (stating that an erroneous case-related ruling was insufficient to overcome the presumption of honesty and integrity that accompanies administrative judges); *Lee v. U.S. Postal Service*, 48 M.S.P.R. 274, 281 (1991) (stating that the fact that an administrative judge has ruled against a party in the past, or mere conclusory statements of bias, do not provide sufficient bases for assignment of a new administrative judge). Accordingly, we deny the appellant's request.